IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

THOMAS E. JACKSON,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

CASE NO. 2:18-CV-00465
CRIM. NO. 2:14-CR-00106(2)
CHIEF JUDGE EDMUND A. SARGUS, JR.
Chief Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

On May 14, 2019, the Magistrate Judge issued a Report and Recommendation recommending that the Motion to Vacate under 28 U.S.C. § 2255 be denied and that this action be dismissed. (ECF No. 200.) Petitioner has filed an Objection to the Magistrate Judge's Report and Recommendation. (ECF No. 201.) Pursuant to 28 U.S.C. § 636(b), this Court has conducted a de novo review. For the reasons that follow, Petitioner's Objection (ECF No. 201) is **OVERRULED**. The Report and Recommendation (ECF No. 200) is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

The Court **DECLINES** to issue a certificate of appealability.

Petitioner challenges his convictions after a jury trial on charges of conspiracy to commit wire fraud, wire fraud, conspiracy to commit money laundering, and money laundering. On October 1, 2015, the Court imposed 83 months imprisonment and ordered restitution in the amount of $8,840.706. (ECF No. 154.) On November 21, 2016, the United States Court of Appeals for the Sixth Circuit affirmed the Judgment of this Court. (ECF No. 174.) On May 15, 2017, the United States Supreme Court denied the petition for a writ of *certiorari*. (ECF No. 180.) On May 11, 2018, Petitioner filed this Motion to Vacate under 28 U.S.C. § 2255, in which

he asserts the denial of the effective assistance of counsel. (ECF No. 184.) The Magistrate Judge recommended the dismissal of all of this claim on the merits.

Petitioner objects to the recommendations of the Magistrate Judge. He again argues that evidence previously outside the record shows that he was denied the effective assistance of counsel when his attorney failed to move to withdraw or join his request for new counsel, and that nothing prevents the Court from addressing this issue on the merits. He contends that the record does not demonstrate overwhelming evidence of guilt, and that if it does, it is the fault of defense counsel. Petitioner insists that his attorney acted in a constitutionally ineffective manner by failing to present evidence in the record, as supplemented, and other arguments, that would have shown that he is not guilty of the charges against him. Petitioner also again argues that his attorney violated *Strickland v. Washington*, 466 U.S. 668 (1984), by failing to request a severance of the charges, and that he was denied the effective assistance of counsel at sentencing based on his attorney's failure to request a continuance of the sentencing hearing and failure to challenge the government's loss figures.

Petitioner's arguments do not assist him. The record – as supplemented – does not support his claim. To the contrary, Petitioner's claim of the denial of the effective assistance of counsel plainly lacks merit and is entirely without record support. The record does not indicate either that defense counsel acted in an unreasonable manner or that Petitioner suffered prejudice thereby. The record does not reflect that Petitioner can establish prejudice from his attorney's failure to request to withdraw or join in his request for new counsel or from any of counsel's other purportedly inadequate acts or improper behavior. It does reflect overwhelming evidence of guilt. It also indicates that defense counsel raised many of the arguments referred to by Petitioner, to no avail, and that other of Petitioner's arguments simply would not have assisted

him in obtaining an acquittal in light of the testimony of prosecution witnesses and other evidence contradicting these protestations of innocence. Moreover, none of the documents Petitioner refers to assists him in establishing this claim.

For these reasons, and for the reasons detailed in the Magistrate Judge's Report and Recommendation, Petitioner's Objection (ECF No. 201) is **OVERRULED**. The Report and Recommendation (ECF No. 200) is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings, the Court now considers whether to issue a certificate of appealability. "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher,* 135 S.Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal.)

When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle,* 463 U.S. 880, 893, n. 4 (1983)). When a claim has been denied on procedural grounds, a certificate of appealability may issue if the petitioner establishes that jurists of reason would find it debatable whether the petition states a valid claim of the

3

denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

This Court is not persuaded that reasonable jurists would debate the dismissal of Petitioner's this action. Therefore, the Court **DECLINES** to issue a certificate of appealability.

The Court **CERTIFIES** pursuant to 28 U.S.C. § 1915(a)(3) that the appeal would not be in good faith, and that an application to proceed *in forma pauperis* on appeal should be **DENIED**.

**IT IS SO ORDERED.**

                                                    6-7-2019
EDMUND A. SARGUS, JR.
CHIEF UNITED STATES DISTRICT JUDGE